**14-3514**

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

**JAMIE MICHALAK,**

**Plaintiff-Appellant**

**v.**

**LVNV FUNDING, LLC,**

**Defendant-Appellee**

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Hon. Donald C. Nugent

---

## BRIEF OF PLAINTIFF-APPELLANT
## JAMIE MICHALAK

---

Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone:  (216) 292-8884
Fax:  (216) 292-8889
mfine@ohioconsumerlawyer.com

Lewis A. Zipkin (0030688)
Markus Lyytinen (0088101)
Zipkin Whiting Co., LPA
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone (216) 514-6400
Fax (216) 514-6406
zfwlpa@aol.com
mlyytinen@zipkinwhiting.com

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES…………………………………………………iii

STATEMENT REGARDING ORAL ARGUMENT…………………………... v

I.    JURISDICTIONAL STATEMENT…………………………………1

II.   STATEMENT OF ISSUES………………………………………1

III.  STATEMENT OF FACTS AND PROCEDURAL HISTORY……………..2

IV.   SUMMARY OF ARGUMENT………………………………………..5

V.    ARGUMENT……………………………………………………….. 6

      A. Standard of Review…………………………………………… 6

      B. Assignment of Error…………………………………………....6

The District Court erred by ignoring the clear meaning and intent of the law, as well as Sixth Circuit precedent, when it dismissed Ms. Michalak's complaint on a FRCP 12(b)(6) motion.  Specifically, the District Court erroneously held that in a case where a debt collector sends to a consumer a series of discrete dunning letters, each for a *different* amount of money, some of which were sent within the FDCPA's one-year statute of limitations, while others were not, the consumer's claim that the collector's letters <u>from within the limitation period</u> violated the FDCPA by attempting to collect amounts to which the collector was not entitled by law or contract (in violation of 15 U.S.C. §§1692(e)(1), (2), (5), & (10), and §1692(f)(1)) is <u>barred</u>, because the collector sent <u>other</u> letters (which dunned for different amounts of money) outside the one-year statutory period.

VI.   CONCLUSION…………………………………………………… 18

DESIGNATION OF RELEVANT LOWER COURT DOCUMENTS…………...19

CERTIFICATION………………………………………………………...20

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                    <u>PAGE</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………….7

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)……………………………...7

*Campos v. Brooksbank*, 120 F.Supp.2d 1271 (D.N.M 2000)……………………..17

*Craig v. Meyers,* 2009 U.S. Dist. LEXIS 96919 (S.D.O.H.)……………………...11

*Ellis v. Gen. Rev. Corp*., 274 F.R.D. 53 (D.Conn. 2011)……………………...14, 15

*Harbin-Bey v. Rutter*, 420 F.3d 571 (6th Cir. 2005)……………………………….7

*Harvey v. Great Seneca Fin. Corp*., 453 F.3d 324 (6th Cir. 2006)………………...9

*Kaplan v. Assetcare, Inc*., 88 F. Supp. 2d 1355 (S.D. Fla. 2000)…………………10

*Ledbetter v. Goodyear Tire & Rubber Co*., 550 U.S. 618 (2007)………………... 10

*McCorriston v. L.W.T., Inc*., 536 F. Supp. 2d 1268 (M.D. Fla. 2008)………5, 6, 10

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)…………………… 10

*Nutter v. Messerli & Kramer*, P.A., 500 F.Supp.2d 1219 (D.Minn. 2007)………. 15

*Parker v. Pressler & Pressler LLP*, 650 F. Supp.2d 326 (D.N.J. 2009)……... 14, 15

*Pittman v. J.J. MacIntyre Co*., 969 F. Supp. 609 (D. Nev. 1997)………………... 10

*PR Diamonds v. Chandler*, 364 F.3d 671 (6th Cir. 2004)…………………………6

*Purnell v. Arrow Fin. Servs., LLC*,
2008 U.S. App. LEXIS 25488 (6th Cir.)…………...5, 6, 9, 10, 11, 12, 13, 15, 16, 17

*Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393 (S.D.N.Y. 1999)…….10, 15, 16, 17

*Wilhelm v. Credico, Inc*., 455 F.Supp.2d 1006 (D.N.D 2006)………………...15, 16

*Wilhelm v. Credico, Inc.*, 519 F.3d 416 (C.A.8 2007)…………………………...15, 16

## **STATUTES**

FRCP 12……………………………………………………………………1, 3, 6, 7

FRAP 3……………………………………………………………………...1

FRAP 4……………………………………………………………………...1

15 U.S.C. §1692……………………………………………1, 3, 7, 8, 9, 12, 13, 14, 15

28 U.S.C. 1291……………………………………………………………...1

28 U.S.C. 1331……………………………………………………………...1

28 U.S.C. 1337……………………………………………………………...1

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant believes that the issues presented in this appeal are straightforward and that oral argument is, therefore, unnecessary.

## I.    JURISDICTIONAL STATEMENT

This case was filed as a class action by the Appellant, Jamie Michalak, on November 8, 2013, in the Northern District of Ohio to address the Appellee's, LVNV Funding, LLC, ("LVNV"), violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCPA"), a federal law.  Doc # 1, Complaint, PageID #1-6.  As such, the District Court had jurisdiction over the federal question presented in the complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

This appeal is from a final order dismissing the complaint on a FRCP 12(B)(6) motion entered on April 24, 2014.  Doc # 22, Judgment Order, PageID #101.  Ms. Michalak filed a timely Notice of Appeal within 30 days on May 22, 2014.  Doc # 25, Notice of Appeal, PageID #126.   As such, this Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. §1291, FRAP 3, and FRAP 4.

## II.    STATEMENT OF ISSUES

Ms. Michalak seeks reversal of the order dismissing her complaint based on this Honorable Court's determination of a single issue presented for review:

> When a debt collector sends a series of discrete dunning letters to a consumer, each of which duns the consumer for a *different* amount of money, some of which are sent within the FDCPA's one-year statute of limitations, while others are sent outside that period, whether the consumer's claim that the collector's letters sent *within* the limitation period violated the FDCPA by attempting to collect amounts to which the collector is not entitled by law or contract (in violation of 15 U.S.C. §§1692(e)(1), (2), (5), & (10), and §1692(f)(1)) is barred by the *other letters* sent beyond the one-year statutory period?

1

### III.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

The inception of this action relates to a disputed, and likely time-barred debt, which was allegedly incurred sometime in 2007 or earlier.  Doc #13, Brief in Opposition, PageID #65.  According to documents submitted by LVNV, LVNV had acquired this alleged debt by 2011.  *See e.g.* Doc #11, Motion to Dismiss, PageID #51.

In her complaint, Ms. Michalak averred that LVNV ***began*** dunning her on or about May 2012.  Doc #1, Complaint, ¶ 9, PageID #2.  The dunning letters were sent by multiple subcontractors of LVNV, and each letter dunned Ms. Michalak for a <u>different</u> amount of money.  *Id*., Complaint ¶¶ 9 & 14, PageID 2; Doc #13, Brief in Opposition, PageID #65-72.  The amounts claimed in the dunning letters were arbitrary.  *Id*.  Moreover, the accumulation of interest cannot explain the varying dunned amounts, because the variances do not correspond with any rational rate of interest.  *Id*.  Additionally, any interest or penalties claimed by LVNV would have to be based on a contractual right, which Ms. Michalak claims that LVNV does not have.  Doc #1, Complaint ¶ 12, PageID #3.

While Ms. Michalak's complaint alluded to LVNV's conduct from beyond the one-year period prior to the date of the filing of her complaint for the purpose of context, she explicitly sought liability <u>only</u> for LVNV's discrete letters sent within one year of the complaint.  *Id*., ¶ 18, PageID #3.

LVNV sent Ms. Michalak *at least* two discrete dunning letters, in May and June of 2013, within one year of the filing of her complaint on November 8, 2013. Doc #1, Complaint ¶¶ 10 & 18, PageID #2 & 4; Doc #13, Brief in Opposition, PageID #70-72.   In these letters, LVNV dunned Ms. Michalak for new and differing amounts.   *Id*., Complaint ¶ 10, PageID #2.  The amounts claimed were inconsistent, erratic, and arbitrary (*Id*., ¶ 11, PageID #3); and LVNV had no right in contract or law to attempt to recover the amounts claimed.  *Id*., ¶ 12, PageID #3. Moreover, Ms. Michalak averred that LVNV regularly and routinely attempts to collect such unlawful amounts from Ohio consumers.  *Id*., ¶ 13, PageID #3.

Because LVNV, directly or through its agents, regularly duns consumers for arbitrary amounts to which it has no entitlement by law or contract, Ms. Michalak filed her complaint as a class action to redress this unlawful conduct.  Doc #1, Complaint, PageID 1-6.

Rather than answer the complaint, LVNV filed a motion to dismiss on January 2, 2014.  Doc #11, Motion to Dismiss, PageID #33-55.  In its motion, LVNV raised three arguments:  (1) LVNV contended that the FDCPA's one-year statute of limitations (15 U.S.C. §1692k(d)) had run on Ms. Michalak's claims; (2) LVNV made a factual argument inappropriate for a 12B motion that its dunned amounts were not arbitrary, but based on the interest charges; and (3) LVNV attempted to limit the relief sought in Ms. Michalak's complaint to the degree it

prayed for injunctive and declaratory relief. Regarding its primary argument for dismissal based on the statute of limitations, LVNV materially misrepresented facts to the Lower Court. LVNV omitted known facts from its brief and appended select documents to suggest that all of its unlawful conduct occurred outside the FDCPA's one-year period. Doc #11, Motion to Dismiss, PageID #49-53.

On April 24, 2014, the District Court issued its final order with a Memorandum Opinion, dismissing Ms. Michalak's complaint **on a ground not raised by LVNV and, as such, not addressed by either party**. Doc #21, Memorandum Opinion, PageID #96-100 & Doc #22, Judgment Order, PageID #101. The District Court ruled that LVNV's dunning letters constituted one continuous violation of the FDCPA, with each new communication being a repetition of an old claim. Therefore, the District Court ruled, the statute of limitations had run against Ms. Michalak's claim – although the District Court gave no indication as to the specific date her claim had accrued.

Because the District Court's decision **directly conflicted with the precedent of this Honorable Court** and **was unsupported by the very cases it, itself, cited**, Ms. Michalak filed a Motion for Reconsideration four days later on April 28, 2014. Doc #23, PageID #102-118.

Meanwhile, Ms. Michalak filed a timely Notice of Appeal on May 22, 2014. Doc #25, PageID #126.

Eventually, the District Court denied the Motion for Reconsideration by an Order on August 5, 2014.  Doc #29, PageID #132.

## IV.    <u>SUMMARY OF ARGUMENT</u>

Jamie Michalak appeals on a single ground:  She asserts that when a debt collector sends a series of discrete dunning letters to a consumer, each of which duns the consumer for a ***different amount of money***, and the consumer claims that the amounts sought are unlawful, each discrete letter is subject to its own one-year statute of limitations period.  That is, the statute of limitations does not accrue from the date of the first letter as held by the District Court.  Such a rule would result in the absurd situation where debt collectors could create safe harbors for their unlawful conduct by sending one letter, waiting a year, and thereafter having a free pass to dun consumers for any unlawful amount of their choosing with impunity.

Ms. Michalak's position is founded on the well-reasoned opinion of this Honorable Court in *Purnell v. Arrow Fin. Servs., LLC*, 2008 U.S. App. LEXIS 25488, which unambiguously held that the one-year statute of limitations of the FDCPA begins to run anew with each discrete violation of the act.  In *Purnell*, this Court ***<u>explicitly</u>*** stated with a citation to *McCorriston v. L.W.T., Inc*., 536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008), that "a dunning letter outside the limitations period does not render Plaintiff's FDCPA claim time-barred, where, as here, Plaintiff has alleged a discrete violation within the limitations period."

Moreover, on this point, there is **_no_** split of authority.  Every comparable case cited by the District Court squarely supports this statement of the law, with the exception of a single citation to an *overruled* lower court opinion, reversed on appeal to be consistent with *Purnell's* reasoning.  The cases cited by the District Court to support its erroneous dismissal are all easily distinguished on their facts – **none** deal with a "a dunning letter outside the limitations period" coming to render an FDCPA claim time-barred "where, as here, Plaintiff has alleged a discrete violation within the limitations period."  In such a situation, cases unanimously hold that the FDCPA claim is **not** time-barred.  Consequently, this Honorable Court should rightfully overturn the District Court's dismissal and reinstate Ms. Michalak's complaint.

## V.   ARGUMENT

### A.   Standard of Review

Appellate courts review *de novo* the dismissal of a complaint on a FRCP 12(b)(6) motion.  *See PR Diamonds v. Chandler* (6th Cir. 2004), 364 F.3d 671, 680.

### B.   ASSIGNMENT OF ERROR

This appeal presents no new or novel issue for this Court to decide.  Ms. Michalak presents one assignment of error, relating to a well-established point of law.  Ms. Michalak contends:

The District Court erred by ignoring the clear meaning and intent of the law, as well as Sixth Circuit precedent, when it dismissed Ms. Michalak's complaint on a FRCP 12(b)(6) motion. Specifically, the District Court erroneously held that in a case where a debt collector sends to a consumer a series of discrete dunning letters, each for a *different* amount of money, some of which were sent within the FDCPA's one-year statute of limitations, while others were not, the consumer's claim that the collector's letters from within the limitation period violated the FDCPA by attempting to collect amounts to which the collector was not entitled by law or contract (in violation of 15 U.S.C. §§1692(e)(1), (2), (5), & (10), and §1692(f)(1)) is barred, because the collector sent other letters (which dunned for different amounts of money) outside the one-year statutory period.

In reviewing a 12(B) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). A plaintiff need only plead enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a plaintiff's complaint must merely contain factual allegations that, on their face, make a claim for relief plausible. *See Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 570 (2007).

Ms. Michalak's complaint clearly avers that LVNV sent discrete letters to her within the one-year statutory period, dunning her for unauthorized and unlawful amounts in violation of 15 U.S.C. §§1692(e)(1), (2), (5), & (10), and §1692(f)(1). The law and facts of this claim are straight-forward and well-plead.

15 U.S.C. §1692(e) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> …
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> …
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692(f)(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Hence, by pleading that LVNV dunned her within the limitation period for inconsistent, erratic, and arbitrary amounts of money to which it had no right in contract or law, Ms. Michalak articulated a cognizable FDCPA claim.

Thus, the **_sole issue_** before this Honorable Court is whether Ms. Michalak's claim based on LVNV's discrete conduct as it occurred <u>within</u> the statutory period is barred by virtue of the fact that LVNV sent other unlawful dunning letters beyond the limitation period claiming *different* amounts were owed. **(Ms. Michalak does <u>not</u> argue for the application of a "continuing violation theory" to extend liability to LVNV's acts outside the one-year limitation period.)**

On this specific point, the Sixth Circuit has clearly spoken. In *Purnell v. Arrow Fin. Servs., LLC*, 2008 U.S. App. LEXIS 25488, the Sixth Circuit unambiguously held that the one-year statute of limitations of the FDCPA begins to run anew with each discrete violation of the act. *Purnell* addressed the issue of repeated reports of inaccurate information to the credit bureaus. The Court ruled:

> The FDCPA is a broad statute aimed at eliminating the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692(a); *Harvey v. Great Seneca Fin. Corp*., 453 F.3d 324, 329 (6th Cir. 2006). The statute provides that an action to enforce liability under the FDCPA may be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The focus, as the district court observed, is on when the violation occurred. The district court seemed to conclude, at least initially, that the FDCPA claims alleging that the reports to Equifax after September 1, 2004, were not barred by the statute of

limitations. Indeed, nothing in the order of dismissal expressed a retreat from or reconsideration of that view.

Similarly, several other district courts have held that the plaintiff's FDCPA claims were not time barred to the extent that they alleged a discrete violation of the FDCPA within the limitations period. *Accord McCorriston v. L.W.T., Inc*., 536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008); *Kaplan v. Assetcare, Inc*., 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000); *Pittman v. J.J. MacIntyre Co*., 969 F. Supp. 609, 611 (D. Nev. 1997). **As the court in *McCorriston* explained, the fact "[t]hat Defendants sent a dunning letter outside the limitations period does not render Plaintiff's FDCPA claim time-barred, where, as here, Plaintiff has alleged a discrete violation within the limitations period." 536 F. Supp. 2d at 1272; see also *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) (holding claim time barred because it was "not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred").**

This court has not addressed this precise issue, but these decisions are consistent with the principles articulated in assessing the timeliness of Title VII claims, which require that a charge be brought within a specified period after the alleged unlawful practice occurred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *Ledbetter v. Goodyear Tire & Rubber Co*., 550 U.S. 618, 127 S. Ct. 2162, 167 L. Ed. 2d 982 (2007)…. [emphasis added]

As a result, this Court has ruled in a manner that Ms. Michalak's FDCPA claims are not time-barred, despite the alleged misconduct within the limitation period being somewhat repetitive of previous time-barred unlawful acts of LVNV. *Purnell* **specifically noted** that individual dunning letters in a series of such letters constitute discrete, actionable, FDCPA violations.  *Id*.  This ruling has been

consistently maintained throughout the Sixth Circuit and followed in many other Circuits.

According to a search of Lexis, *Purnell* has been cited in 41 court decisions. In addition to being followed in the 6th Circuit, it has been relied upon by the 4th, 5th, 8th, 10th, and 11th Circuits.  For example, in *Craig v. Meyers,* 2009 U.S. Dist. LEXIS 96919 (S.D.O.H.), the court cited *Purnell* and held, "the issue of whether the statute of limitations will be refreshed for a FDCPA claim hinges entirely on what the court considers a 'discrete violation' of the FDCPA.  Defendants argue that if the same information from a previous violation is included in a subsequent debt collection activity, it is not a separate violation. This reasoning is flawed because the Sixth Circuit has not construed the limitations period so narrowly."

Generally, as in the cases cited by the District Court in its opinion (discussed *infra*), the only time repeated violations have not been found to have their own statute of limitations is in the context of litigation, where pleadings repeat prior misrepresentations made by a debt collector.  Certainly, in this case, where each subsequent dunning letter sought to collect a *different* amount of money, thus establishing a wholly unique FDCPA violation based upon the new unlawful amount sought, each new letter sent by LVNV can, logically, only be viewed as a discrete FDCPA violation.

11

Following the controlling precedent of *Purnell*, "to the extent that [Ms. Michalak] can prove" discrete unlawful dunning letters were sent to her "within the limitations period, they are not time-barred."  In her Complaint, paragraphs 9-12, Ms. Michalak averred that LVNV sent her multiple ***discrete letters*** – **each one** claiming that she owed a **different** amount of money, **each** claiming an amount that was **erratic and arbitrary**, and **each** claiming an amount that was **unauthorized in contract or law**.  Doc #1, PageID #2-3.  Hence, Ms. Michalak averred that the content of each dunning letter was different and independent.  Thus, each letter was not simply a repetition of an old claim, but an independent violation of the FDCPA under 15 U.S.C. §§1692(e)(1), (2), (5), & (10), and §1692(f)(1).  Moreover, Ms. Michalak explicitly ***only sought relief*** for the letters, which LVNV sent <u>within</u> one year of the complaint.  *Id.*, ¶ 18, PageID #3.

Even LVNV understood Ms. Michalak's complaint to allege that each of its letters constituted a discrete, independent, and actionable violation of the FDCPA.  This is why LVNV found it necessary to omit material facts from its Motion to Dismiss in an attempt to make a *factual* argument alleging that the differences in the dunned amounts could be explained, in some unspecified manner, as interest calculations.  Doc #11, PageID #33-53.  LVNV did not argue that Ms. Michalak averred a continuous violation, as the District Court proposed on its own.  LVNV simply made the *factual* argument that Ms. Michalak could not "state a plausible

cause of action" based on the discrete letters from within the limitation period – a factual point obviously disputed by Ms. Michalak.

Based on the foregoing, Ms. Michalak clearly pleaded that LVNV sent unlawful dunning letters, each presenting its own discrete violation of the FDCPA, within the one-year statute of limitation period. Therefore, this Court should follow its own precedent and overrule the dismissal of the District Court.

Such a ruling is the only outcome consistent with the principles of the FDCPA, recognized by this Honorable Court as "a broad statute aimed at eliminating the use of abusive, deceptive, and unfair debt collection practices by debt collectors." *Purnell, supra*. A contrary ruling would subvert the purpose of the act. Upholding the District Court's order would have the absurd effect of allowing debt collectors to create a safe harbor for their unlawful conduct by sending one unlawful dunning letter and then waiting a year. After the elapse of that period, collectors would have a free pass to dun consumers for any further unlawful amounts of their choosing with impunity. Certainly, this is not what Congress had in mind when it crafted legislation specifically prohibiting the dunning of consumers for unlawful amounts. *See e.g.* 15 U.S.C. §1692(f)(1).

In contrast to the argument made by LVNV in its response to Ms. Michalak's Motion for Reconsideration and the District Court's pronouncements in its denial of that motion and in its Memorandum Opinion, *there is no split of*

*authority on this issue*.  Where discrete dunning letters are involved, Courts hold that each is governed by its own one-year limitation period.  Courts only find repetitive misrepresentations to be time barred in unique circumstances, most often that being conduct occurring in a litigation context.  This analysis is evident by a review of the cases cited by the District Court.

The District Court first cited to *Ellis v. Gen. Rev. Corp*., 274 F.R.D. 53 (D.Conn. 2011).  This case is virtually on-all-fours with the case on appeal.  In *Ellis*, the defendant debt collector sent a series of dunning letters to the plaintiffs, each containing the same language misrepresenting the parameters of a federal rehabilitation program.  The court held that each discrete letter independently violated the FDCPA and was subject to its own one-year statute of limitations.  Similarly, Ms. Michalak averred that each of LVNV's letters dunned her for a different amount.  Thus, each letter was subject to its own one-year statute of limitations.  Consequently, following *Ellis*, as LVNV sent dunning letters within a year of the complaint, Ms. Michalak's claim is timely.

In *Parker v. Pressler & Pressler LLP*, 650 F. Supp.2d 326 (D.N.J. 2009), the court did not deal with an issue similar to the one presented by Ms. Michalak.  The plaintiff's claim related to defendant's failure to provide her with legally-required notices pursuant to 15 U.S.C. §1692g; and most importantly, the *plaintiff conceded that the claim was filed beyond the one-year statute of limitations*.  Nonetheless,

the plaintiff asked the court to toll the running of the limitations statute, but the court refused to do so finding that the defendant had not engaged in any deceptive conduct which would have prevented plaintiff from timely filing her FDCPA claim. As such, *Parker* is wholly inapplicable to Ms. Michalak's case. Unlike the defendant in *Parker*, LVNV engaged in unlawful conduct **well within the one-year limitations period** by sending dunning letters during that time.

The next case cited by the District Court, *Nutter v. Messerli & Kramer*, P.A., 500 F.Supp.2d 1219 (D.Minn. 2007), concerned the issue of whether allegations made ***in the course of a lawsuit***, which were merely repetitions of previous statements made in the course of debt collection, were new or old statements for the purpose of the statute of limitations. So again, *Nutter* dealt with a unique issue not relevant to the case on appeal. *Nutter* did not deal with dunning letters or other non-litigation conduct of a debt collector, which is a distinction specifically noted as significant in cases grappling the concept of repetitive violations. *See Ellis, supra*; *see also Sierra v. Foster & Garbus*, 4 F.Supp.2d 393 (S.D.N.Y. 1999) cited below and cited above, as well quoted in *Purnell*. Because Ms. Michalak's claim relates to discrete dunning letters, and not statements made during litigation, her claims fall within the FDCPA's limitation period.

The District Court also cited *Wilhelm v. Credico, Inc*., 455 F.Supp.2d 1006 (D.N.D 2006), but it unfortunately did not cite to the controlling opinion on appeal,

15

*Wilhelm v. Credico, Inc.*, 519 F.3d 416 (C.A.8 2007).  The cited lower court case dealt with a debt collector reporting inaccurate information to a credit-reporting agency.  The district court held that the statute of limitations for these claims accrues when the debtor learns of the inaccurate report.  *Wilhelm*, 455 F.Supp.2d at 1009.  In doing so, the district court rejected a legal argument based on a "serial violations" theory, but the applicability of that theory was not clear from the opinion.  In any event, on appeal, the Eighth Circuit noted that there was no evidence of the collector making an inaccurate report within the limitations period, and the court of appeals rejected the contention that a collector had an affirmative duty to report an account as disputed.  *Wilhelm*, 519 F.3d at 418. The clear implication of this ruling was that had the collector repeated an inaccurate report to the credit bureaus, that conduct would have been actionable and subject to its own limitations period.  This is the opposite of the conclusion of the district court!  It is also a conclusion consistent with this Honorable Court in *Purnell*, evidencing the lack of any split of authority on the matter.

Similarly, *Sierra v. Foster & Garbus*, 48 F.Supp.2d 393 (S.D.N.Y. 1999) supports a rejection of the District Court's rationale.  Although that court dismissed the plaintiff's claims on statute of limitations grounds, it emphatically stated: "This is not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred."

Accordingly, since Ms. Michalak's case is one where LVNV "sent a series of threatening letters," some within the time period and some without, *Sierra* clearly supports a reversal of the dismissal of Ms. Michalak's complaint.

Finally, *Campos v. Brooksbank*, 120 F.Supp.2d 1271 (D.N.M 2000), further supports a rejection of the District Court's ruling. In that case, the court held that misrepresentations made in the course of litigation are discrete violations of the FDCPA and do not relate back to the original violation of the FDCPA as a continuous violation of the law. All the more so here, each letter sent by LVNV to Ms. Michalak was a discrete violation. Each was a new misrepresentation of an alleged different amount that LVNV claimed Ms. Michalak owed. Following *Campos*, then, the District Court should have ruled in Ms. Michalak's favor and denied LVNV's motion to dismiss.

Based on the foregoing, the Honorable Court's opinion in *Purnell v. Arrow Fin. Servs., LLC*, 2008 U.S. App. LEXIS 25488, is controlling precedent. Moreover, on the facts presented by Ms. Michalak (discrete dunning letters for different amounts of money), there is no split of authority, and neither the District Court nor LVNV cited any precedent in the case below to support such a notion. Consequently, this Honorable Court should reverse the ruling of the District Court.

## VI.    <u>CONCLUSION</u>

For all the foregoing reasons, this Honorable Court should reverse the order of the District Court dismissing Ms. Michalak's complaint for failure to state a cause of action.  This Honorable Court should then remand this matter for further proceedings, allowing it to proceed to litigation.

Respectfully submitted,

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

s/  Lewis A. Zipkin_____
Lewis A. Zipkin (0030688)
Markus Lyytinen (0088101)
Zipkin Whiting Co., LPA
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone (216) 514-6400
Fax (216) 514-6406
zfwlpa@aol.com
mlyytinen@zipkinwhiting.com

### DESIGNATION OF RELEVANT LOWER COURT DOCUMENTS

1.  Doc #1    Complaint                                           **PageID #1-6**

2.  Doc #11   Motion to Dismiss to Dismiss Complaint             **PageID #33-53**
              *with Brief in Support and Exhibit A*
              ("Motion to Dismiss")

3.  Doc #13   Brief in Opposition to Defendant's Motion          **PageID #56-72**
              to Dismiss *with Exhibit A*
              ("Brief in Opposition")

4.  Doc #15   Reply Brief in Support of Motion to                **PageID #76-85**
              Dismiss Complaint

5.  Doc #21   Memorandum Opinion                                 **PageID #96-100**

6.  Doc #22   Judgment Order                                     **PageID #101**

7.  Doc #23   Motion Pursuant to FRCP 59(e) to                   **PageID #102-118**
              Reconsider/Amend the Court's Order
              Granting Defendant's 12(B) Motion to
              Dismiss *with Exhibit 1*
              ("Motion for Reconsideration")

8.  Doc #24   Response in Opposition to Motion                   **PageID #119-125**
              Pursuant to FRCP 59(e) to Reconsider/
              Amend the Court's Order Granting
              Defendant's 12(B) Motion to Dismiss

9.  Doc #25   Notice of Appeal                                   **PageID #126**

10. Doc #29   Order                                              **Page ID #132**

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because:

- This brief contains 4,370 words (in 18 pages and 404 lines), excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and

- This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because this brief has been prepared in a proportionally spaced typeface using Word 2013 in 14 point Times New Roman typeface.

Respectfully submitted,

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

DATED:  September 18, 2014

## <u>CERTIFICATE OF SERVICE</u>

Notice of this filing will be sent to parties on this date by operation of the

Court's ECF electronic filing system.

Respectfully submitted,

s/ Michael L. Fine_____
Michael L. Fine (0077131)