**14-3514**

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**JAMIE MICHALAK,**

                **Plaintiff-Appellant**

**v.**

**LVNV FUNDING, LLC,**

                **Defendant-Appellee**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Hon. Donald C. Nugent

## REPLY BRIEF OF PLAINTIFF-APPELLANT
## JAMIE MICHALAK

Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone:  (216) 292-8884
Fax:  (216) 292-8889
mfine@ohioconsumerlawyer.com

Markus Lyytinen (0088101)
Zipkin Whiting Co., LPA
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone (216) 514-6400
Fax (216) 514-6406
zfwlpa@aol.com
mlyytinen@zipkinwhiting.com

Lewis A. Zipkin (0030688)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………….ii

REPLY……………………........................................................................1

CERTIFICATION………………………………………………………….....6

# **TABLE OF AUTHORITIES**

**CASES**                                                             **PAGE**

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)……………………………...3

*Marie v. American Red Cross*, 771 F.3d 344 (6th Cir. 2014)……………………….3

*Purnell v. Arrow Fin. Servs., LLC*, 2008 U.S. App. LEXIS 25488……………...1, 4

**STATUTES**

15 U.S.C. 1692k……………………………………………………………………… 1

## REPLY

Jamie Michalak brought this appeal on a single issue for review: Whether discrete dunning letters sent to a consumer as part of a series of letters are independently actionable when sent within the one-year statute of limitations of the FDCPA, 15 U.S.C. 1692k? The District Court held that they were not; and consequently, it dismissed this action as barred by the statute of limitations. (Memorandum Opinion, PageID #96). In her Brief of Appellant, Ms. Michalak argued that this Honorable Court's ruling in *Purnell v. Arrow Fin. Servs., LLC*, 2008 U.S. App. LEXIS 25488, is controlling, and as such, the District Court's ruling must be overruled. On this issue, Appellee, LVNV Funding, LLC ("LVNV"), agrees. LVNV writes, **"The rule in Purnell is straightforward and undisputed."** (Brief of Appellee, p. 9 [emphasis added]). Consequently, *LVNV has conceded the grounds of this appeal*. Therefore, Appellant should prevail!

Nonetheless, despite conceding the grounds for Ms. Michalak's appeal, LVNV argues that the District Court's ruling should be upheld for two reasons <u>not</u> ruled on by the District Court and <u>not</u> raised by LVNV in the Court below. First, LVNV contends (and repeats this fallacy several times in its brief) that "Nowhere in her complaint does plaintiff allege facts that would support a non-speculative inference that LVNV sent any letters within the one year of plaintiff filing her complaint…." (*Id*., p. 5). Second, LVNV argues that Ms. Michalak does not plead

a sufficient factual basis in her complaint, because her complaint is speculative and fails to identify which of LVNV's agents sent the dunning letters at issue.

Regarding the first point, to raise this argument, LVNV simply could not have read the complaint. Ms. Michalak clearly avers in paragraph 18 of her complaint (Complaint, p. 3, PageID 3):

> Ms. Michalak brings this action on behalf of herself and a class composed of all consumers who have been dunned by LVNV for amounts to which LVNV has no right in contract or law, **for the one-year period preceding the date of filing of this complaint** until the date of judgment hereof. [emphasis added]

Thus, very clearly and emphatically, not only does Ms. Michalak explicitly aver that LVNV sent dunning letters within the one-year period prior to the filing on the complaint, but more significantly, Ms. Michalak only seeks liability based on those discrete letters sent within the one-year statute of limitations period.

Further, LVNV did not raise this argument below. LVNV did not argue previously that no logical inference could be drawn from the complaint to understand that letters were sent within the limitations period. Rather, LVNV simply (and falsely) argued that it only sent letters outside the limitation period. (Memorandum in Support of Motion to Dismiss, p. 4, PageID #39). LVNV then cherry-picked some letters from its archives to attach to its brief to create this false impression. (*Id.*) Now, LVNV asks this Court to close its eyes to the evidence in the record that Appellee did in fact send discrete letters within the limitation

period. Clearly, LVNV's argument now borders on frivolous and should be disregarded by this Court.

Regarding LVNV's second point, LVNV argues that Ms. Michalak's claim is too speculative to meet pleading standards. Again, LVNV did not argue this in the Court below. Rather, before the District Court, LVNV argued that the amounts claimed in the dunning letters were not "inconsistent, erratic, and arbitrary," but easily explained as "increasing due to the accrual of interest." (*Id.*, p. 5, PageID #40). Likewise, LVNV did not previously raise the concern of a failure to sufficiently plead agency.

In truth, Ms. Michalak's complaint gives LVNV more than "fair notice" of her claims in this matter. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Marie v. American Red Cross*, 771 F.3d 344 (6th Cir. 2014). The complaint alleged that LVNV sent dunning letters attempting to collect sums that were "inconsistent, erratic, and arbitrary" and sums to which LVNV had no right in contract or law. If the complaint was brief, this was only because the pleading already contained all the material facts pertinent to this very straight-forward case. Because the amounts claimed were arbitrary, there is little additional information that Ms. Michalak could plead. The numbers claimed were illogical and defied an ability to describe with more detail. Indeed, if Ms. Michalak could have described the figures in LVNV's dunning letters with more detail and a logical explanation,

3

she would not have filed this suit!  Besides, LVNV knew exactly what Ms. Michalak was alleging as evident from its attempt to explain the variances in the dunned amounts as due to interest.  Accordingly, LVNV's attempt now to claim that Ms. Michalak's complaint is overly vague is simply an attempt to distract this Court from the pivotal issue, which it already conceded.

Based on the foregoing, besides arguing new and baseless grounds to preserve the ruling of the District Court, LVNV has conceded Ms. Michalak's single issue presented for review on appeal.  That is, the holding of *Purnell* controls.  Therefore, the discrete dunning letters sent by LVNV to Ms. Michalak within one year of the filing of her complaint are actionable and can form the basis of a claim, which is not barred by the FDCPA's one-year statute of limitations.  As a result, this Honorable Court should reverse the District Court's dismissal of Ms. Michalak's complaint.

WHEREFORE Ms. Michalak asks this Court to reverse the ruling of the District Court and remand the matter to proceed to litigation.

                      Respectfully submitted,

                      s/ Michael L. Fine_____
                      Michael L. Fine (0077131)
                      3637 South Green Road, 2nd Floor
                      Beachwood, OH  44122
                      Phone & fax:  (216) 292-8884
                      mfine@ohioconsumerlawyer.com

s/ Lewis A. Zipkin_____
Lewis A. Zipkin (0030688)
Markus Lyytinen (0088101)
Zipkin Whiting Co., LPA
3637 South Green Road, 2nd Floor
Beachwood, OH 44122
Phone (216) 514-6400
Fax (216) 514-6406
zfwlpa@aol.com
mlyytinen@zipkinwhiting.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

- This brief contains 975 words (in 5 pages and 95 lines), excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and

- This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because this brief has been prepared in a proportionally-spaced typeface using Word 2013 in 14 point Times New Roman typeface.

Respectfully submitted,

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

DATED:  December 9, 2014

## CERTIFICATE OF SERVICE

Notice of this filing will be sent to parties on this date by operation of the Court's ECF electronic filing system.

Respectfully submitted,

s/ Michael L. Fine_____
Michael L. Fine (0077131)